THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL ROBINSON, :
:
        Plaintiff, : 4:23-CV-1044
: (JUDGE MARIANI)
v. : (Magistrate Judge Bloom)
:
NORTHUMBERLAND COUNTY, *et al.*, :
:
        Defendant. :

**ORDER**

AND NOW, THIS _20th_ DAY OF NOVEMBER, 2023, upon review of Magistrate Judge Daryl Bloom's Report and Recommendation ("R&R") (Doc. 10) for clear error or manifest injustice,[1] **IT IS HEREBY ORDERED THAT:**

1. The R&R (Doc. 10) is **ADOPTED** for the reasons set forth therein.

2. Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.

---

[1] On November 8, 2023, a document from Plaintiff, dated November 1, 2023, was filed of record stating, in its entirety, "I object intirely [*sic*] to this R&R Brief/motion ORDER to follow." (Doc. 11). Although it is not clear if Plaintiff's statement was meant to convey that he would be filing a brief in support of his objection, as of the date of this Order, no supporting brief or further documentation has been filed. Plaintiff's cursory filing (Doc. 11) is insufficient to rise to the level of an Objection to the R&R. If a party timely and properly files a written objection to a Magistrate Judge's Report and Recommendation, the District Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also, Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011); M.D. Pa. Local Rule 72.3. Here, while Plaintiff's filing was arguably timely filed, he has only made a generalized objection to the entire R&R and has failed to identify any specific portions of the R&R or proposed findings to which he objects. The Court thus need not engage in a *de novo* analysis. Nonetheless, upon review of the relevant documents, even if this Court applied a *de novo* review, the result would be the same.

3. The Clerk of Court is directed to **CLOSE** the above-captioned action.

_____
Robert D. Mariani
United States District Judge